*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FREDERICK JONES and ODETTE JONES,

Petitioners-Appellants,

v

DEPARTMENT OF HEALTH AND HUMAN SERVICES and GENESEE COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Respondents-Appellees.

UNPUBLISHED
April 16, 2019

No. 339080
Genesee Probate Court
LC No. 16-107948-AA

Before: TUKEL, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

Petitioners appeal as of right the Genesee Probate Court's (the probate court) order denying their appeal of an administrative decision by respondents, the Department of Health and Human Services (DHHS)[1] and the Genesee County Department of Health and Human Services. Specifically, petitioners sought review of respondents' denial of petitioners' request for a hearing regarding respondents' October 2008 denial of petitioners' request for an adoption support subsidy for their now adopted child, AJ, for whom an order of adoption was entered in April 2009. We reverse the probate court's order and remand.

---

[1]As explained by this Court, "[t]he Department of Community Health was merged with the Department of Human Services, and the combined agency is now known as the Department of Health and Human Services." *Ketchum Estate v Dep't of Health & Human Servs*, 314 Mich App 485, 488 n 1; 887 NW2d 226 (2016), citing Executive Order No. 2015-4. Therefore, for the sake of brevity, we solely refer to this respondent as DHHS in this opinion, despite the fact that some of the actions attributed to DHHS that are relevant to this appeal were actually undertaken by one of its predecessor agencies, the Department of Human Services.

# I. BASIC FACTS

This case arises from respondents' denial of petitioners' request for a "Title IV-E" adoption support subsidy for AJ.[2] Ultimately, DHHS determined that petitioners failed to timely appeal the denial to an administrative law judge (ALJ), and dismissed the case. Petitioners appealed the dismissal to the probate court, which adopted findings made by the ALJ that their appeal was untimely and thus affirmed the dismissal.

In October 2008, respondents sent petitioners notice that respondents had denied their request for an adoption support subsidy for AJ. That notice informed petitioners that if they legally adopted AJ and believed "that the decision to deny [the] Adoption Support Subsidy/Nonrecurring Adoption Expenses was contrary to law or Department policy," then petitioners had "a right to request an administrative hearing only **after** the Order Placing Child (PCA 320) [is] signed by [a] Family Court judge." According to the notice, petitioners' request for an appeal was required to "be made in writing, signed by [petitioners], and received" by DHHS "within 90 days of the date of the judge's signature on the PCA 320." The denial of benefits in October 2008, however, was not appealable at that time, as the judge had not yet signed the PCA 320.

---

[2] "Title IV-E" refers to subchapter IV, part E, of the United States Social Security Act, 42 USC 670 *et seq*. As explained by the Michigan Supreme Court, "Title IV-E establishes federal funding to support state foster care systems and conditions funding on compliance with federal requirements." *In re Rood*, 483 Mich 73, 102; 763 NW2d 587 (2009). One of the federal requirements for funding is that a state "shall have a plan approved by the Secretary [of the United States Department of Health and Human Services]" that "provides for granting an opportunity for a fair hearing before the State agency to any individual whose claim for benefits available pursuant to this part is denied or is not acted upon with reasonable promptness." 42 USC 671(a)(12).

DHHS "may pay a support subsidy to an adoptive parent of an adoptee who is placed in the home of the adoptive parent under the adoption code or under the adoption laws of another state or a tribal government" if certain requirements are met. MCL 400.115g. Relatedly, "[a]n adoptee, the adoptee's guardian, or the adoptive parent or parents may appeal a determination of the department made under this act," and that appeal "shall be conducted pursuant to the administrative procedures act of 1969 [(the APA)], Act No. 306 of the Public Acts of 1969, being sections 24.201 to 24.328 of the Michigan Compiled Laws," i.e., MCL 24.201 to MCL 24.328. MCL 400.115k(1). MCL 400.115k(1)(a) also provides, in relevant part, that an "appeal brought pursuant to chapter 6 of Act No. 306 of the Public Acts of 1969," i.e., MCL 24.301 to MCL 24.306, "shall be heard . . . by the probate court for the county in which the petition for adoption was filed or the county in which the adoptee is found" when the adoptee resides in Michigan.

After a delay of approximately six months, on April 24, 2009, the Genesee Circuit Court Family Division signed an "order placing child after consent," i.e., a "PCA 320" order, pertaining to AJ, and later that month, the circuit court entered an order of adoption that made petitioners AJ's legal parents. Thus, in order to meet the 90-day period for seeking a hearing before an ALJ, petitioners were required to appeal not later than July 23, 2009.

What occurred next is disputed. DHHS asserts that approximately ten months later, in February 2010, it received a letter from petitioners, wherein petitioners requested "Title IV-E adoption assistance, Medicaid, and an administrative hearing for" AJ, whom petitioners noted had "several severe handicaps, including Fetal Alcohol Syndrome," because petitioners "did not learn of [their] rights under Title IV-E until after her adoption had been finalized," and also due to petitioners' belief that AJ "was wrongly denied adoption assistance and Medicaid." However, the record contains two documents, produced by petitioners, on DHHS Form 1605 (entitled "Notice of Case Action"), purportedly signed by them and dated May 10, 2009, over a signature block which states "Sign to Request a Hearing." The documents appear to be identical, except that one is signed by Petitioner Frederick Jones and the other is signed by his wife, Petitioner Odette Jones. In addition, the record contains a "Visitor Sign in Log" for the Flint State Office Building, dated May 5, 2009. A copy of the entries for visitors number 214 and 215 for that date show Frederick Jones and Odette Jones signing in at 11:10 a.m. Hand-written notes on the sheet, presumably from petitioners, state "Date when we were advised of un-announced adoption held 24, 30 Apr 09."[3]

Respondents moved to dismiss the request for a hearing before an ALJ as untimely. Respondents argued that petitioners had not filed their appeal by July 23, 2009; specifically, respondents asserted that petitioners did not file their request until February 10, 2010, well beyond the 90-day period. The ALJ agreed that petitioners did not file an appeal until February 10, 2010, and consequently recommended that the appeal be dismissed.

Rather than litigate the ALJ's recommendation that its appeal be dismissed, petitioners filed a lawsuit in United States District Court, alleging deprivation of their constitutional rights. That lawsuit ultimately resolved unfavorably to petitioners. Once the federal court lawsuit concluded, petitioners sought relief in these proceedings. On October 30, 2015, petitioners filed a request for a hearing with the Genesee County Department of Health and Human Services. Ultimately, another ALJ recommended that the decision of the previous ALJ to dismiss the appeal should be reaffirmed. The recommendation to dismiss was accepted by the Director of the Department of Health and Human Services and the Genesee County Probate Court. Petitioners now appeal from the ruling of the Probate Court.

## II. ANALYSIS

This appeal presents two narrow issues. Petitioners argue that they timely appealed the denial of benefits to an ALJ and that an evidentiary hearing would have demonstrated that fact,

---

[3] The order placing child after consent, Form PCA 320 was signed on April 24, 2009, and entered on the docket on April 30. Presumably, those are the events to which the notes refer.

but the ALJ made factual findings against them without having afforded them the opportunity to testify or present all of their documentary evidence. Petitioners thus request that their appeal to the ALJ be reinstated and a hearing on the merits of their adoption benefits be held by the ALJ. Respondents, in opposition, assert that petitioners failed to timely request a hearing before an ALJ and that they cannot overcome the factual findings to that effect by the ALJ, given the deferential standard of review applicable to appeals of administrative rulings. Respondents also argue that, even if the request for a hearing before an ALJ was timely filed, it was substantively inadequate to properly trigger such a hearing. Because the proceedings below were determined on an inadequate record, we agree with petitioners.

## A. DUE PROCESS

[E]ven where the Legislature has properly delegated authority to an administrative agency, the agency cannot act arbitrarily and must provide adequate procedural due process to the parties involved. Where the legislative standards are by necessity somewhat general in nature, this Court must determine whether the parties had adequate notice, opportunity to be heard, and review of an adverse decision. [*City of Livonia v Dep't of Social Servs*, 423 Mich 466, 505; 378 NW2d 402 (1985); see also *In re Forfeiture of 2000 GMC Denali & Contents*, 316 Mich App 562, 573; 892 NW2d 388 (2016); *Reed v Reed*, 265 Mich App 131, 159; 693 NW2d 825 (2005).]

Here, the principal issue presented was whether after the October 2008 denial of their application for benefits and the April 2009 signing of the PCA 320 order, petitioners timely requested a hearing before the ALJ, the threshold issue as to whether the ALJ had jurisdiction to hear the case. That issue was considered by an ALJ in a hearing held on April 14, 2016, in which respondents sought dismissal of the appeal as untimely; the issue thus was properly preserved below. The ALJ stated that "[t]he sole purpose of today's hearing is to entertain oral argument for the pending motion to dismiss that has been filed in this matter." The ALJ stated further that "[t]his is a motion hearing. I was not expecting to take any testimony . . . this is a motion hearing," which corresponded to respondent's understanding of the purpose of the hearing as well. Petitioners clearly laid out their position as to a number of factual questions: (1) that the DHHS-1605 Forms had been given to petitioners by DHHS employees in May 2009; (2) that petitioners had filled out and then hand-delivered those forms; and (3) that the forms thus constituted timely and valid requests for a hearing before the ALJ.

Even though the April 14 hearing was not an evidentiary hearing, the ALJ proceeded to make factual findings without having made or having afforded respondents the opportunity to make a full factual record; the ALJ noted that "the parties have each offered very different statements of fact *in their briefs*[.]" (Emphasis added.) Arguments in briefs, of course, do not constitute evidence. The ALJ also specifically acknowledged petitioners' argument "that their initial hearing request was submitted on May 10, 2009, which was timely as it was only 10 days after the adoption was finalized." However, without hearing any testimony as to that argument, the ALJ made factual findings, stating that he "has carefully considered and weighed the parties' arguments and submissions filed in this matter[,]" and that "petitioners had 90 days from October 6, 2008, or until January 4, 2009, to request a hearing to dispute the adoption support

-4-

subsidy issue." Yet, the ALJ found that petitioners "failed to request a hearing concerning the adoption support subsidy matter within 90 days."[4]

In making his factual findings, the ALJ particularly relied on a purported DHHS policy that the department time-stamp all requests for a hearing on an adoption support subsidy; the 1605 Forms are not time stamped.[5] The ALJ was not free to simply find petitioners' proffered evidence factually inadequate without having afforded them an opportunity to testify, to offer their documentary evidence, and to present any other evidence they may have been able to marshal in support of their position that they timely requested a hearing; by doing so, the ALJ denied petitioners their due process right to be heard. That is not to say that, on a full record, the ALJ may not have been permitted to find that petitioners failed to establish their position factually. However, the ALJ could not do so without a full hearing and a weighing of the evidence, including, if necessary, credibility determinations of the witnesses involved. By failing to do so, the ALJ not only violated petitioners' due process rights, but he also violated the Michigan Administrative Hearing System Administrative Hearing Rule applicable to this issue. Mich Admin Code, R 792.11008, which is specifically applicable to the Department of Human Services and Department of Community Health, see Mich Admin Code, R 792.11001, provides:

> A claimant or his or her authorized representative has the right to all the following:
>
> * * *
>
> (g) To establish all pertinent facts and circumstances.

---

[4] In addition to having denied petitioners an opportunity to create a record, the ALJ also was wrong about the deadlines because, as noted, petitioners could not appeal prior to April 24, 2009, when the PCA 320 order was signed. The error as to when the 90-day period began to run was corrected by the Director of DHHS in the final order, but the final order nevertheless adhered to the conclusion that petitioners did not appeal until February 10, 2010. That conclusion suffered from the same infirmity as the ALJ's conclusion, in that petitioners had not been afforded a full opportunity to be heard as to the date on which they had appealed.

[5] On remand, the ALJ may consider any DHS policies regarding the time-stamping of documents received. However, evidence of such policies must come from witnesses or documentary evidence or both, and not from the ALJ. See Mich Admin Code, R 792.10125(1) ("The Michigan rules of evidence, as applied in a civil case in circuit court shall be followed in all proceedings as far as practicable, but an administrative law judge may admit and give probative effect to evidence of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs."); MRE 605 (providing that the judge in a proceeding may not be a witness); cf. MRE 406 ("Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice."). If the ALJ does rely on evidence of such a policy, he also must consider any evidence of non-compliance with that policy by the department.

In other words, it was not sufficient for the ALJ to point to the disparity in the parties' positions articulated by counsel in briefs and choose one; rather, he was required to first take testimony, receive whatever documentary evidence the parties wanted to offer, and then resolve the factual disputes. The ALJ wholly failed to do so.

Thus, it is clear that the ALJ violated petitioners' due process rights, and DHHS's own rules regarding ALJ hearings, by making critical factual findings on an incomplete record, which denied petitioners the right to be heard as to whether they had timely appealed the denial of the adoption support subsidy. The probate court made the same error in its order affirming DHHS's dismissal of the appeal, when the probate court ruled that petitioners "did not sufficiently demonstrate any of the conditions described in MCL 24.306."[6] That conclusion is invalid as a matter of law given that the ALJ denied petitioners the opportunity to demonstrate such conditions and that such denial constituted a deprivation of petitioners' due process rights.

## B. REQUIREMENT FOR TRIGGERING A REQUEST FOR A HEARING

Respondents make a second argument as to why petitioners' request for a hearing was invalid, even if timely made. Respondents assert that in order to be valid, a request for a hearing must make reference to the specific type of benefit at issue and that the DHHS-1605 Forms do not do so. We disagree.

Respondents' denial of petitioners' request for an adoption support subsidy was made by letter dated September 12, 2008. In regard to the request for a hearing, the denial letter stated, "Your request for appeal must be made in writing, signed by you, and received in our office within 90 days of the date the judge's signature on the PCA 320 MCL 400.115f."

Notably, there is no particular form or language which the letter states that the notice must contain, other than that it be in writing and signed, which the 1605 Forms most certainly are. The 1605 Forms mostly are pre-printed.[7] The forms contain a printed case number,

---

[6] MCL 24.306(1) explicitly provides that its scope of review does not apply "when a statute or the constitution provides for a different scope of review." Here, the constitutional due process standard applies, not MCL 24.306.

[7] Respondents argued that the 1605 Forms relate only to requests for Medicaid benefits. That cannot be the case because the pre-printed part of the form states, "[I]f you want someone else to request a hearing for you or represent you at the hearing, that person must first have written authorization to do so unless that person is your attorney or, *for Medicaid only*, your spouse." (Emphasis added.) The form thus contemplates that it will be used for purposes in addition to requesting hearings regarding Medicaid benefits. We also note that respondents' pamphlet entitled "Michigan Administrative Hearing System for the Department of Health and Human Services," under the topic "How do I ask for a hearing?" states, "A hearing request form should be mailed to you with the notice of denial, service reduction, termination or suspension. Although you are not required to use a form to request a hearing, all hearing requests must be in writing and signed by you or your legal guardian." See

suggesting it was placed on the form by DHHS. The pre-printed language states, "Complete this section only if you want to request an Administrative Hearing. I request a hearing for _____. I wish to request a hearing because I disagree with the action by the Department of Human Services or think it is incorrect." In the blank, petitioners had written "Medicaid and all programs to help her condition." Thus, by pre-printing the forms with language which states that a petitioner disagrees with the action taken by DHHS or thinks it was incorrect, the Department presumably drafted the forms to set forth as much information as it deemed necessary to properly launch the hearing process. The denial letter also cites MCL 400.115f when it recites that the appeal period is 90 days, and that any request for appeal must be in writing. However, MCL 400.114f, a portion of the Social Welfare Act of 1939, as amended, constitutes a definitional section, wherein none of the definitions relates in any way to a request for appeal, and simply put, none of the definitions has anything to do with appellate rights.[8]

Moreover, even if the DHHS-1605 Form was not the correct form to use, we would then have to turn to the Michigan Administrative Hearing System Administrative Hearing Rules. Mich Admin Code, R 792.11405 is entitled "Appeal; Form," and is applicable to appeals to ALJs in all agencies, see Mich Admin Code, R 792.11406. Rule 792.11405 provides:

> (1) An appeal to an administrative law judge shall be filed pursuant to 1936 PA 1, MCL 421.1 to 421.75.

> (2) Appeal forms for administrative law judge hearings and rehearings shall be available at all agency offices.

In accordance with the rules, DHHS makes such forms available. See <https://www.michigan.gov/documents/FIA-Pub18_14356_7.pdf> (last visited March 22, 2019). That form, which is specifically applicable to DHHS and is designated DHS-18, is entitled

---

<https://www.michigan.gov/documents/ADMINISTRATIVEHEARINGS_81632_7.brochure.pdf> (last visited March 22, 2019).

[8] At oral argument, counsel for respondents argued that what a decision in favor of petitioners would "effectively create is a rule of law whereby years after the fact, a limitations period has no meaning whatsoever, as long as somebody can come back years later and say I filed something, here you go, give me my hearing." That argument completely misunderstands the issues presented and decided here. A hearing can only be granted "years later" if an appeal had been properly filed within the initial 90-day appeal period, as arguably was the case here. As set forth in this opinion, if petitioners did not appeal by July 23, 2009, their appeal may not be reinstated precisely because they would not have complied with the 90-day period. And regardless of what a litigant might "say," such a litigant can only have an appeal reinstated if a judicial officer finds as a matter of fact that the appeal actually had been filed within that 90-day period, i.e., that whatever the litigant might "say" was in fact the truth. The ALJ opinion was deficient precisely because he made findings of fact on an incomplete record, in violation of petitioners' due process rights, which prejudiced their attempt to show that they had filed an appeal prior to July 23, 2009.

"**REQUEST FOR HEARING**" and uses language almost identical to the 1605 Forms. It states, in pertinent part:

> **To Ask for a Hearing**:
>
> A request for an administrative hearing must be made in writing and signed by you or someone authorized to act on your behalf. For convenience, MDHHS provides **a hearing request form that you should bring or mail to your MDHHS office** (*no faxes or photocopies*). For FAP (food assistance) only, you can request a hearing verbally, in person or by telephone. Except for FAP, the hearing request must be signed by you or by your parent, attorney, court appointed guardian or conservator, or by someone else you formally designate as your Authorized Hearing Representative. For Medicaid only, a spouse may sign a written request for a hearing without first being designated an Authorized Hearing Representative.

Thus, the requirements as set forth in the DHS-18 Form are identical to those in the DHS-1065 Form—the request need only be in writing and signed. Indeed, the form is provided "for convenience," which can only be understood as providing that its use is permissive rather than mandatory, as further demonstrated by its statement that one "should" bring it to DHHS, rather than that one "must" or "shall" do so. And of course, DHHS cannot take a position in court that a litigant must do something that its own forms do not require. We therefore reject the contention that the 1065 Forms, if timely filed, were inadequate as a matter of law to trigger an appeal to an ALJ.

As a result, we reverse the order of the probate court and remand the case to the ALJ to create a factual record and determine whether petitioners, not later than July 23, 2009, filed written and signed requests for a hearing before an ALJ. If on remand the ALJ determines that petitioners did not make such requests, he must again dismiss the case, and petitioners will have appellate rights to review that decision. If the ALJ finds that petitioners did timely request a hearing, then he must conduct proceedings consistent with this opinion on the merits of their claim for the adoption subsidy.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro

-8-